## JURISDICTION TO PUNISH A RECEIVER.

### Hamilton County Circuit Court.

### EICHERT ET AL V. EICHERT ET AL.

### Decided, December 29, 1908.

*Contempt—Receiver Appointed by Nisi Prius Court—Disobeys Order of Appellate Court—Jurisdiction to Punish.*

A receiver can not suspend an order of the court of common pleas by appeal, and then defy the order of the appellate court on the ground that only the court which appointed him can enforce the order; but in such a case the appellate court has jurisdiction to adjudge the receiver in contempt and to punish him therefor.

*Fred Hertenstein,* for the charges.
*Patrick Gaynor,* for the receiver,

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

Heard on motion to adjudge the receiver appointed in this case to be in contempt for failure to pay over moneys in accordance with the order of court.

The jurisdiction of this court over the person of the receiver and the subject-matter on appeal from the order of the common pleas court is conclusively determined by the Supreme Court in affirming the order of this court; but it is claimed that, although the receiver willfully disobeys the order of this court, he can be punished for contempt only by the court appointing him. He himself invoked the jurisdiction of this court by appealing from the order made by the common pleas court, which was thereby suspended; and this court having made a like order against the receiver may enforce obedience with all the power and to the same extent it could if he were appointed by it. He can not by appeal suspend the order of the common pleas court and then defy the order of this court upon the ground that only the court appointing him can enforce the order.

As said in the case of *State* v. *Johnson,* 13 Fla., 33, at 50:

"He is amenable to the court having authority for the time being in the due course of law."

There is no excuse for his resistance of the order of the court to pay over the money found in his hands as receiver. If the money has been appropriated to his own use, and he is therefore unable to pay as directed the offense is thereby aggravated. Section 6640, Revised Statutes.

We regret to conclude that the receiver is without lawful excuse for his disregard of duty, of the authority of this court, and of the law of the case, wherefore he is adjudged to be in contempt.